UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MORLEY P. THOMPSON, SR.,                                                       No. 04-11142

                              Debtor(s).
_____/

Memorandum on Objection to Claim
_____

       The Patricia S. Thompson Trust has filed a proof of claim in this case in the amount of $1,853,103.32, and creditor Great American Life Insurance Company has objected. After a trial, the court is convinced that the claim is greatly overstated and may be allowed only in a substantially reduced amount, if at all.

       The most blatantly improper item in the claim is $721,202.55 arising out of an alleged breach of an agreement settling a dispute between the trust and debtor Morley Thompson, who was a trustee of the trust. Under the settlement, Thompson transferred certain properties to the Trust. The Trust alleges that when it sold one of the properties it received $721,202.55 less than Thompson represented it was worth. However, the court has no way of knowing if the difference was due to any sort of mistake or misrepresentation (none was proved) or merely a shift in the real estate market in Ohio. Moreover, nothing in the agreement purports to make Thompson the guarantor of any particular return or equity. This item must be deducted from the claim.

       The Ohio probate court was in the habit, when authorizing the Trust to make expenses, of

1

specifying that it could deduct the expenses from any amounts due to Thompson as a beneficiary of the Trust. As to one payment of $150,000.00 in July, 2001, there was no such authorization. The Trust alleges that this was an oversight by the probate court, but the court is not convinced of this. This item will also be deducted from the claim, without prejudice to reconsideration if the probate court amends its order, but only if Great American was given a full and fair opportunity to be heard.

On February 20, 2003, the probate court issued an order allowing the Trust to charge Thompson for $63,042.45 paid to a condominium association and a homeowners' association, "to avoid foreclosure of the Trust's first and second mortgages on the Flordia condominium." Great America argues that the claim must be allowed because there is no evidence of actual foreclosure proceedings, but the court does not agree with this interpretation of the order. The intent of the probate court was clearly that the Trust be authorized to protect its deeds of trust if Thompson did not meet his obligations to make the payments. The obligations to the associations had priority over the deeds of trust. Thompson's failure to make the payments put the deeds of trust in jeopardy. The payments were therefore necessary and authorized to avoid foreclosure, regardless of whether foreclosure proceedings had been started. Accordingly, this item is properly included in the claim.

Evidence was produced that Thompson was entitled to a distribution from the Trust of $489,000.00 for the year 2000 and has never been given credit for it. The court will reduce the claim by this amount, but without prejudice to reconsideration if the probate court determines that no credit is due, but only if Great American was given a full and fair opportunity to be heard.

Great American argues that the claim of the Trust must be reduced by $277,100.45, for capital gains tax absorbed by Thompson which was supposed to be the obligation of the Trust. The court agrees that some credit is due, but the evidence established only a $60,000.00 credit, so the claim will be reduced by this amount only.

For the foregoing reasons, Great American's objection will be sustained in part and the Trust's claim shall be reduced by $1,420,202.55, plus associated interest. If a positive amount still exists after these deductions, the court will consider at a further hearing whether the claim should be further reduced

1 | due to illegal compounding of interest or the other minor matters raised in the objection.
2 | Counsel for Great American shall submit an appropriate form of order.
3 | Dated: October 24, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge