UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MORLEY P. THOMPSON,   No. 04-11142

Debtor(s).
_____/

Memorandum on Application for Compensation
_____

Attorney David N. Chandler was the attorney for debtor in possession Morley P. Thompson when this case was in Chapter 11. After its conversion to Chapter 7, Chandler says he was "enlisted" by the Chapter 7 trustee to put a "deal" together whereby certain of the debtor's tax attributes were preserved for the benefit of the bankruptcy estate. Chandler has filed an application seeking compensation in the amount of $36,103.50 for these post-conversion services. The Chapter 7 trustee never sought leave of the court to employ Chandler. Chandler's application is unsupported by any declarations or a memorandum of points and authorities.

There is no provision in the Bankruptcy Code which allows a Chapter 7 debtor's attorney to be paid from the bankruptcy estate unless the trustee has obtained an order authorizing the attorney's employment as special counsel. *Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S.Ct. 1023 (2004). Once the case was converted and his client was no longer debtor in possession, Chandler's ability to recover fees from the estate terminated. *In re Bay Voltex Corp.*, 2006 WL 3834300 (Bkrtcy.N.D.Cal. 2006).

The court is certain that Chandler knows about *Lamie* and the need for an employment order prior to

1

an attorney volunteering his or her services to a bankruptcy estate, so he must have some sort of justification in mind for his application. However, because the application is unsupported by declarations or a memorandum of law, the court cannot see it. It will accordingly be denied, without prejudice to renewal with a proper factual and legal justification. Chandler may submit an order if he desires one.

Dated: January 28, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

2